**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

---

**DAVID LYNN COX**

**v.**                                                    **CRIMINAL No. 1:90CR167-M**

**UNITED STATES OF AMERICA**

---

## ORDER

This cause comes before the court on David Lynn Cox's *pro se* motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255. Cox claims that the court's sixty-month sentence at a revocation hearing in 2006 added to his original eighty-four month sentence received in 1992 exceeds the ten-year cap provided by his 1991 plea agreement. Accordingly, Cox claims that he received ineffective assistance of counsel based on a denial of his right to allocution at the revocation hearing, a failure to object to the court's abuse of discretion at that proceeding, false promises and assurances by his counsel regarding his sentence for his most recent crime and his supervised release violation, and failure of his counsel to advise him of his right to appeal and the time limit for appealing the sentence imposed at the revocation proceeding. Additionally, Cox alleges that he entered into a plea agreement based upon prosecutorial misconduct. The government has responded to the motion, and Cox has replied.

The court also here addresses Cox's motion to enforce specific performance of his plea agreement. He argues that his sentence in 1992 resulting in eighty-four months imprisonment followed by eighty-four months of supervised release violates the ten-year cap provided by his 1991 plea agreement. The government has responded to the motion.

This court has reviewed the submissions of the parties, and is prepared to rule. For the reasons set forth below, the court declines to accept Cox's arguments that he received ineffective assistance of counsel or that his plea agreement was not knowingly and voluntarily made. However, because Cox did not receive the opportunity to allocute at his revocation hearing, and because the record does not clearly show that he was properly informed of his right to appeal during that proceeding, the court will grant Cox's § 2255 motion to vacate and allow him to be resentenced. Cox's motion to enforce specific performance of his plea agreement shall be denied.

## Facts and Procedural Posture

The movant, David Lynn Cox, was indicted on November 30, 1990, on a five count indictment involving distribution of cocaine. Cox, with assistance of counsel, entered into a written plea agreement on February 20, 1991, providing for a guilty plea to an information charging him with conspiracy to distribute in excess of 500 grams of cocaine. Cox's plea agreement provided specifically:

> This plea agreement is expressly conditional upon the Court's acceptance of the agreement that the sentence of imprisonment shall not exceed ten (10) years. There is no agreement as to fines or supervised release.

Plea Agreement, February 20, 1991, P. 3.

Cox appeared with counsel before the court for sentencing on October 27, 1992. Following acceptance of a motion for downward departure, the court sentenced him to 84 months of imprisonment followed by 7 years of supervised release. During the sentencing hearing, the court stated, "While you are on supervised release, the defendant shall not commit any federal, state, or local crime." Cox subsequently appealed his sentence, which was affirmed. *U.S. v.*

*Cox*, 9 F.3d 1547 (5th Cir. 1993).

Cox remained incarcerated until August 14, 1998, when he began his period of supervised release. While on supervised release, Cox was named in a multi-count indictment for various drug-related offenses. See *United States v. Cox*, 1:04CR136-MPM (N.D. Miss.). He pleaded not guilty to the charges but was detained for violating the terms of supervised release. Pursuant to a plea agreement, Cox later pleaded guilty to distributing crack cocaine. Change of Plea Hearing, August 11, 2005. The government dismissed all other counts of the indictment. Before sentencing, Cox filed a motion to withdraw his guilty plea. After a hearing on the motion, Cox was allowed to withdraw his plea on January 12, 2006, and the matter was set for trial.

On May 1, 2006, Cox waived indictment and entered a guilty plea to the same offense charged in an information. Cox was ultimately sentenced on June 29, 2006 to sixteen months imprisonment to be followed by three years of supervised release. The court entered judgment on July 17, 2006. Also, on June 29, 2006, because of the guilty plea entered in the above cause number 1:04CR136, Cox was sentenced to sixty months imprisonment – the statutory maximum upon revocation – for violating the terms of supervised release in the original conviction. Cox did not appeal the sentence imposed at his revocation hearing.

Meanwhile, on December 12, 2006, in cause number 1:04CR136, Cox, through counsel filed a motion to withdraw his guilty plea or enforce the plea agreement. The motion was based on what Cox perceived to be the Government's breach of the plea agreement by failing to file a motion for downward departure. Cox argued that he offered "substantial assistance" by providing testimony in a state court murder trial. He further argued that in exchange for his

cooperation, he was promised that the Government would file a Rule 5K.1 motion for downward departure prior to sentencing or a Rule 35 motion after sentencing.

On April 11, 2007, the court held a hearing on the motion and found that the written plea agreement clearly stated the parties' intent. The plea agreement specifically provided that:

> The United States Attorney, in his sole discretion, may before sentencing move the Court for a downward departure under Section 5K1 of the Sentencing Guidelines based upon substantial assistance or may file after sentencing a Rule 35 motion to reduce sentence based upon defendant's cooperation. The defendant understands that decisions whether to move the Court for downward departure or to reduce sentence are entirely in the discretion of the United States Attorney, not the defendant or his attorney, and that the Court can deny in whole or in part either or both of such motions.

Consistent with the language of the plea agreement, the court opined:

> Where the plea agreement expressly states that the government retains "sole discretion" over the decision as to whether or not to submit a motion, the Fifth Circuit has held that a refusal to do so is reviewable only for unconstitutional motive. *United States v. Price*, 95 F.3d 364, 386 (5th Cir. 1996) . . . The defendant has not alleged any unconstitutional motive.

Thus, the court held that the written plea agreement was binding and the motion to withdraw was denied. Undeterred by the court's adverse ruling, Cox filed this § 2255 motion to vacate, in large part challenging the validity of the plea agreement in cause number 1:04CR136.

### David Lynn Cox's Claims Under 28 U.S.C. § 2255

David Lynn Cox frames his claims in terms of ineffective assistance of counsel. He alleges:

1. That his attorney during the revocation proceeding rendered ineffective assistance by not protecting his right of allocution during the revocation hearing.

-4-

2.      That counsel rendered ineffective assistance during the revocation sentencing in failing to object to the court's abuse of discretion.

3.      That his attorney rendered ineffective assistance by not advising him of his right to appeal and the time limit for appeal at his revocation proceeding.

4.      That counsel was ineffective and Cox's plea in matter 1:04CR136 was not knowing and voluntary because it was induced by counsel's promises and assurances that the government would move for a downward departure at sentencing, that he would receive a 16 month sentence on both the criminal conviction and the supervised release violation, and they would run concurrently.

5.      That his plea in matter 1:04CR136 was not knowingly and voluntarily made because it was based upon prosecutorial misconduct.

The court shall address each of these claims.

<u>Standard of Review</u>

A district court may revoke a defendant's supervised release if it finds by a preponderance of the evidence that a condition of release has been violated.  18 U.S.C. § 3583(e)(3).  The revocation itself is reviewed for abuse of discretion.  *United States v. McCormick*, 54 F.3d 214, 219 (5th Cir. 1995).  A sentence imposed following revocation of supervised release will be upheld "unless it is in violation of law or is plainly unreasonable."  *United States v. Moody*, 277 F.3d 719, 720 (5th Cir. 2001).

<u>Ineffective Assistance of Counsel</u>

To establish that counsel provided ineffective assistance, a petitioner under 28 U.S.C. § 2255 must show that (1) his counsel's performance was deficient and (2) the deficient performance prejudiced his defense.  *Pitts v. Anderson*, 122 F.3d 275 (1997); *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The Court must presume that counsel's conduct was reasonable; in other words, "the defendant must overcome the presumption that, under the

circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. The Court must not analyze counsel's actions with the crystal clarity of hindsight; instead, the Court must view counsel's actions using the information reasonably available to counsel at the time of representation. *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994). Should the Court determine that counsel's performance was deficient, "then [the Court] must determine whether there exists a reasonable probability that but for the complained-of error the outcome of the trial or appeal would have been different." *Pitts v. Anderson*, 122 F.3d 275, 279 (1997) (quoting *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997)). As discussed below, although Cox's underlying claims in reference to allocution and appeal may have merit, counsel's actions during the revocation hearing and sentencing were reasonable. Therefore, David Lynn Cox's claim that his counsel was ineffective must be denied.

### *The Right to Allocution at the Revocation Proceeding*

The right of allocution is described in Rule 32 which provides:

Before imposing sentence, the court must: . . . address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence . . . .

FED. R. CIV. P. 32(i)(4)(A)(ii). Although the rule expressly applies to sentencing proceedings, the Fifth Circuit has extended the right of allocution to sentencing following revocation proceedings. *United States v. Reyna*, 358 F.3d 344, 347 (5th Cir. 2004). Rule 32.1(b)(2)(E), amended in 2005, also now provides that a defendant's right of allocution is applicable in revocation hearings.

In order to satisfy Rule 32.1, the court must communicate "unequivocally" that the defendant has a right to allocute. *United States v. Echegollen-Barrueta*, 195 F.3d 786, 790 (5th Cir. 1999). The court must apply the rule literally and make "a personal inquiry directed to the

defendant." *United States v. Dickson*, 712 F.2d 952, 956 (5th Cir. 1983). "[T]he court, the prosecutor, and the defendant must at the very least interact in a manner that shows clearly and convincingly that the defendant knew he had a right to speak on any subject of his choosing prior to the imposition of sentence." *Echegollen-Barrueta*, 195 F.3d 786, 789 (5th Cir. 1999).

Errors resulting from a denial of the right of allocution under Rule 32 are subject to plain error review under Rule 52. *United States v. Reyna*, 358 F.3d 344, 350 (5th Cir. 2004) (En Banc). Nonetheless, the Court in *Reyna* refused "to adopt a blanket rule that once prejudice is found under the rule stated above [Rule 52], the error invariably requires correction." 358 F.3d at 352. That Court found that Reyna had been denied his opportunity to allocute, which was plain error; however, the Court affirmed his sentence because "the district court's error in failing to address Reyna and allow him to speak in mitigation of his sentence did not seriously affect the fairness, integrity or public reputation of his sentence." 358 F.3d at 353. Therefore, there is no per se rule declaring that the denial of the opportunity to allocute is error.

Ordinarily a defendant may establish that an error affects substantial rights and must be corrected by showing prejudice – that is, the error affected the outcome of the proceedings. *United States v. Magwood*, 445 F.3d 826, 829 (5th Cir. 2006). Prejudice is presumed, however, when a defendant is not sentenced at the bottom of the guideline range or if the court rejected arguments that would have resulted in a lower sentence. *Id.* (citing *Reyna*, 358 F.3d at 353). Here, Cox was sentenced well above the lower end of the guideline range. Indeed, he received a 60 month sentence, which is the maximum term permitted for revocation pursuant to 18 U.S.C. § 3583(e)(3). Hence, in accordance with Fifth Circuit precedence, prejudice is presumed.

The presumption, however, does not end the inquiry. Rather, the denial of the right to allocution is not always "a fundamental defect that inherently results in a complete miscarriage of justice nor an omission inconsistent with the rudimentary demands of fair procedure." *Reyna*, 358 F.3d at 352. Therefore, a defendant must "show some objective basis that would have moved the court to grant a lower sentence; otherwise, it can hardly be said that a miscarriage of justice has occurred." *Id*. at 356; *see also, United States v. Lister*, No. 05-30607, 229 Fed. Appx. 334 (5th Cir. Jun. 4, 2007); *United States v. Neal*, No. 05-20924, 212 Fed. Appx. 328 (5th Cir. Jan. 4, 2007).

In *United States v. Magwood*, 445 F.3d 826 (5th Cir. 2006), the Fifth Circuit Court of Appeals reviewed a defendant's right to allocution during imposition of a sentence following revocation. The district court imposed a sentence that exceeded the sentencing guidelines advisory range, so the presumption of prejudice applied. *Id*. at 829-30. Nevertheless, the Fifth Circuit declined the discretionary opportunity to correct the defendant's sentence, calling attention to the fact that defendant's counsel set forth mitigating factors at the hearing; that the defendant had previously been convicted for the same type of activity; and, that the defendant had been given several opportunities to reform but failed to do so. *Id*. at 830. The court also noted that the defendant failed to provide any proof of allocution that may have mitigated his sentence. *Id*. The court, therefore, found no miscarriage of justice and affirmed the sentence. *Id*.

Cox claims that his counsel was ineffective due to failure to object or inform the sentencing court of its obligation to allow Cox the right to allocution during his revocation proceeding. In fact, the record reveals that the court did state, before sentencing, "I would like at this time to hear comments from counsel for the defendant and from the Government regarding

mitigation or aggravation of sentence."  Revocation Hearing Trans. P. 5.  Cox's attorney

proceeded to make an argument for mitigation that takes up three pages of the record.  Only after

this argument did the Court impose the sixty-month sentence for the supervised release violation.

Cox claims that he was denied his right to allocution, but to prove ineffective assistance of

counsel in that regard, Cox has the burden of showing that his attorney's arguments "fell below an

objective standard of reasonableness . . . under prevailing professional norms . . . considering all

the circumstances."  *Strickland v. Washington*, 466 U.S. 668 at 688.  Additionally, Cox must

prove that "but for counsel's unprofessional errors, the result of the proceeding would have been

different."  *Id.* at 694.

Even after Cox's counsel made his arguments, the court imposed the maximum term of

imprisonment a revoked offender can receive for a Class A felony.  Cox's original conviction was

for conspiracy to distribute in excess of 500 grams of cocaine, which is a Class A felony

punishable by a sentence of life imprisonment for one with a prior felony drug conviction under

21 U.S.C. § 841(b)(1)(B).  *See* 18 U.S.C. § 3583(e)(3).  During sentencing, the court clearly stated

its reasons for the departure:

> Mr. Cox has to take responsibility for his actions.  He has a record, a criminal
> record, going back at least to 1984.  And this is his third major drug offense.  So
> despite the recommendation of the Government – this court did accept the binding
> plea agreement on the prior offense, the one I just sentenced.  But I'm not going to
> accept it on this revocation.  This is an entirely different matter.
>
> The sentence to be imposed is not authorized by application of a Chapter 7 policy
> statement and the Court is going to depart for the following reasons:  This
> defendant received a downward departure in his original sentence of 84 months
> imprisonment from a guideline range of 188 to 235 months.  Additionally, this is
> this defendant's third conviction of a drug crime, two of which dealt with cocaine.
>
> And it seems like after two times, Mr. Cox, most people would learn, but you

haven't.  And you're going to have another opportunity to think about that.

Revocation Hearing Trans. P. 8-9.

Cox makes no claims as to what he would have said had he personally spoken at his revocation proceeding.  He does not assert that he had any *specific* information that he felt might change his sentence.  Cox was not affirmatively denied or prevented from speaking; he does not claim that he indicated to his counsel that he had anything at all to say.  Finally, he makes no claim as to why his attorney's lengthy, impassioned argument for leniency fell short of the objective standard of  reasonableness under the circumstances.

In short, Cox has not shown either that his counsel's actions were unreasonable under the circumstances or that, but for his counsel's actions, he would have received a lesser sentence. This Court must therefore deny Cox's claim that his counsel was ineffective by failing to protect his right of allocution.  Nonetheless, since the court did not personally and directly address Cox or give him the opportunity to offer his own mitigating factors before sentencing, the court will grant his § 2255 motion and allow Cox to exercise his right of allocution at a new sentencing hearing.

### *Abuse of Discretion at the Revocation Proceeding*

Cox claims that his counsel rendered ineffective assistance during sentencing in failing to object to the court's abuse of discretion.  He argues that his sentence was unreasonable and his attorney ineffective for failing to object to the unreasonable sentence.  This argument fails because the sentence imposed at the revocation hearing was reasonable.  Cox's attorney therefore had no non-frivolous grounds to object to the sentence.

Cox's supervised release was revoked June 26, 2006, as a consequence of charges, which he admitted, of conspiracy and two counts of distributing cocaine base.  Sanctions for violating

conditions of supervised release are attributed to the original sentence. *Johnson v. United States*, 529 U.S. 694, 700 (2000). Also, the law at the time of the original offense, including those authorities pertaining to supervised release, governs. *United States v. Smith*, 354 F.3d 171, 173 (2nd Cir. 2003).

When the court originally sentenced Cox, 18 U.S.C. § 3583(g) provided that: "If the defendant is found by the court to be in the possession of a controlled substance, the court shall terminate the term of supervised release and require the defendant to serve in prison not less than one third of the term of supervised release." This mandatory revocation provision does not provide any maximum sentence. At the time Cox was sentenced on the revocation of his supervised release, 18 U.S.C. § 3583(g) included an amendment that provided: "If the defendant (1) possesses a controlled substance . . . the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3)."

Section 3583(e)(3) bases a maximum term of imprisonment upon revocation of supervised release on the classification of the offense resulting in the imposition of the term of supervised release. In this case, that is Cox's 1991 offense which resulted in his 1992 conviction. The court imposed Cox's original sentence and term of supervised release after he pleaded guilty to conspiring to distribute in excess of 500 grams of cocaine. Under 21 U.S.C. § 841(b)(1)(B), this crime authorizes a sentence of life imprisonment for one with a prior felony drug conviction (which Cox had). Under § 3559, a Class A felony is one which can result in a maximum term of life imprisonment or death. So, according to 21 U.S.C. § 841(b)(1)(B), Cox's original offense is a Class A felony. Section 3583(e) provides for a maximum term of imprisonment of 5 years upon

revocation of supervised release for a Class A Felony. Clearly, then, the court was well within its discretion when it sentenced Cox to five years' imprisonment as a result of his supervised release violation.

Cox argues that his offense was a Class C instead of a Class A felony. Were that the case, the maximum imprisonment penalty for a violation of supervised release would indeed be less than the five-year maximum for a Class A felony. However, the 1992 plea agreement, signed by Cox himself, states, "David L. Cox, agrees to . . . plead guilty to a One-Count information, which charges him with conspiracy to distribute in excess of 500 grams of cocaine." Under 21 U.S.C. § 841(b)(1)(B), that crime, when committed by someone with a prior felony drug conviction, authorizes life imprisonment; the crime is therefore a Class A felony. Cox's belief that his 1991 offense is a Class C felony is without substantive merit.

Cox also asserts that the court did not consider the sentencing guideline range contained in § 7B1.4 of the Sentencing Guidelines, which advised a sentence of 30-37 months. The record directly contradicts this assertion. In fact, the court stated:

> [T]he sentence to be imposed is not authorized by application of a Chapter 7 policy statement and the court is going to depart for the following reasons: this defendant received a downward departure in his original sentence of 84 months imprisonment from a guideline range of 188 to 235 months. Additionally, this is defendant's third conviction of a drug crime, two of which have dealt with cocaine.

Revocation Hearing Trans. P. 8-9. The court considered the sentencing guidelines, but gave Cox the statutory maximum of five years instead.

Cox's sentence was reasonable, and his attorney had no legitimate grounds on which to object to the sentence. Cox's claim of ineffective assistance of counsel based on counsel's failure to object to the Court's abuse of discretion during sentencing is thus without merit.

### *Failure to Advise Right to Appeal During Revocation*

Cox argues that his counsel was ineffective in failing to advise him of his right to appeal his sentence at the revocation hearing or of the time limit for that appeal. Rule 32(j)(B) of the Federal Rules of Criminal Procedure provides that "after sentencing – regardless of the defendant's plea – the court must advise the defendant of any right to appeal the sentence." The Supreme Court has stated that "failure to give a defendant advice required by the federal rules is a sufficient basis for collateral relief only when the defendant is prejudiced by the court's error." *Peguero v. United States*, 526 U.S. 23, 27 (1999). In *Peguero*, the District Court found (after an evidentiary hearing) that, although the court failed to advise the defendant of his right to appeal, defense counsel had done so, and denied relief under § 2255.

Cox, however, claims that defense counsel also failed to advise him of his right to appeal, thereby rendering ineffective assistance. He does not specifically allege that he was unaware of his right to appeal, but claims only that neither counsel nor court properly advised him of that right. Thus, Cox asserts "a failure to comply with the formal requirements of the rule . . . and allege[s] no prejudice." 526 U.S. at 28.

In an ineffective assistance of counsel claim involving a failure to advise rights to appeal, the petitioner must address one dispositive question: whether counsel in fact consulted with the defendant about an appeal, that is, specifically, "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's

wishes." *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000).

Most likely, Cox was aware of his right to appeal his sentence for the supervised release violation. He was at least aware of his appeal rights in general, as he waived those rights in the plea agreement related to his criminal case 1:04CR-136. *See* Plea Agreement, April 28, 2006, P. 3. The *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), "test applies to claims . . . that counsel was constitutionally ineffective for failing to file a notice of appeal." *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77. However, "[i]f counsel has consulted with the defendant . . . counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Id.* at 478. Then, "[i]f counsel has not consulted with the defendant, the court must . . . ask whether counsel's failure to consult with the defendant constitutes deficient performance." *Id.* Cox alleges only that counsel did not advise him of his appeal rights; he does not claim that counsel failed to consult with him or to follow his instructions regarding an appeal.

"[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." 528 U.S. at 480. Cox does not identify any nonfrivolous grounds for appeal or allege that he indicated to counsel, at the time, that he was interested in appealing. Therefore, even assuming that counsel did not consult him about an appeal with respect to his supervised release revocation and sentence, Cox fails to meet the burden of proof required to establish constitutionally deficient counsel.

Also, to meet the second prong of the *Strickland* test, Cox would need to show prejudice from counsel's deficient performance. In order "to show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Roe v. Flores-Ortega*, 528 U.S. 470, 484. Cox incorrectly assumes that prejudice is presumed and does not even attempt to meet this burden. Thus, the court must deny Cox's claim that he received ineffective assistance of counsel as a result of counsel's failure to advise him of his appeal rights regarding his revocation sentence.

Though the court declines to accept Cox's argument that his counsel was ineffective in this regard, the court does acknowledge that it did not inform Cox of his right to appeal the revocation sentence or the time limit for that appeal. Given the uncertainty regarding whether Cox did, in fact, know that he had the right to appeal his sentence upon revocation, the court will grant his § 2255 motion to vacate and allow him to be resentenced.

<u>*Sentencing at Revocation Proceeding*</u>

Cox claims that his counsel was ineffective and his plea in matter 1:04CR-136, which prompted the revocation proceeding, was not knowing and voluntary because he entered into the plea agreement based on counsel's promises that the government would move for a downward departure at sentencing, that he would receive a 16-month sentence on both the criminal conviction and the supervised release violation, and that they would run concurrently.

However, a hearing to address Cox's motion to withdraw his guilty plea revealed that Cox signed a plea agreement which provided:

> [T]he U.S. Attorney, in its sole discretion may before sentencing move the Court for downward departure under section 5K1 of the sentencing guidelines . . . defendant understands that the decision whether to move the Court for downward departure or reduce sentence are entirely in the discretion of the United States attorney, not the defendant or his attorney; and that the Court can deny in whole or in part either or both of such motions.

Hearing, April 11, 2007, Trans. P. 47-48. Cox testified under oath at that hearing that he did not know what the judge might do on the revocation:

Q. " . . . did you know what the judge might do on the revocation?"

A. (Cox) "No, I did not."

Hearing, April 11, 2007, Trans. P. 20.

"A motion to vacate judgment and sentence filed pursuant to 28 U.S.C. § 2255 does not automatically mandate a hearing. When the files and records of the case make manifest the lack of merit of a § 2255 claim, the trial court is not required to hold an evidentiary hearing." *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981). Furthermore, "[t]he District Court need not hold an evidentiary hearing to resolve ineffective assistance claims where the petitioner has failed to allege facts which, if proved, would admit of relief." *Clark v. Collins*, 19 F.3d 959, 964 (5th Cir. 1994) *cert. denied*, 513 U.S. 966 (1994). *See United States v. Cervantes*, 132 F.3d 1106, 1110-11 (5th Cir. 1998). Finally, "[a] habeas petitioner must make specific allegations; 'conclusory allegations unsupported by specifics', or 'contentions that in the face of the record are wholly incredible' will not entitle one to a . . . hearing." *Perillo v. Johnson*, 79 F.3d 441, 444 (5th Cir. 1996).

Cox understood that the Government maintained discretion to move for a downward departure. The plea agreement contains no promise of a specific imprisonment time limitation

other than a sentence for the criminal conviction 1:04CR-136 of 16 months upon acceptance of the plea agreement. Plea Agreement, April 28, 2006, P. 2. The agreement does not mention or limit the sentence for the supervised release violation, an entirely separate matter. Furthermore, Cox affirmed in the agreement his understanding that even if the government moved for a downward departure, the Court had final discretion over whether or not to accept that motion. *See id.* at 3. Therefore, Cox's claim that his counsel was ineffective and that his plea was not knowing and voluntary but was based on promises that the government would move for a downward departure fails.

*Prosecutorial Misconduct during Revocation Proceeding*

Cox's final claim under his § 2255 motion revolves around alleged prosecutorial misconduct. Cox argues that his plea was not knowingly and voluntarily made – but was based on prosecutorial misconduct due to unethical practices by the government and counsel for the defense. Cox asserts that the U.S. Attorney unethically dealt with his counsel's paralegal (who was not an attorney) instead of counsel himself.

Nonetheless, Cox entered into a plea agreement with the U.S. Attorney. Both Cox and his counsel were well aware of the exact contents and stipulations of the agreement, which was signed by Cox, counsel Robert Laher, and U.S. Attorney Jim Greenlee on April 28, 2006. Cox's plea agreement specifically states that ". . . defendant's agreement is knowing, free and voluntary, and not the product of force, threat, or coercion. The defendant is pleading guilty because the defendant is in fact guilty of the charges." Plea Agreement, April 28, 2006, p. 4.

Cox now alleges that the prosecutor promised a paralegal, who in turn promised Cox, that he would receive a different deal than he ultimately received. Had Cox had any concerns about

his potential sentence that were not addressed by the plea agreement, he had ample opportunity to voice those concerns before and during the hearing at which the Court accepted that agreement. He did not voice concerns, and so he is now bound by that agreement. Cox's claim that his plea was not knowingly and voluntarily entered as a result of prosecutorial misconduct cannot stand.

### Motion to Enforce Specific Performance of Plea Agreement

On September 20, 2007, David Lynn Cox filed a motion to enforce specific performance of plea agreement. Cox filed an amended motion to enforce terms of plea agreement on November 6, 2007, and the government responded to that motion May 19, 2008. Cox claims that his 1992 sentence of 84 months imprisonment followed by an additional 84 months of supervised release violated his plea agreement because the two sentences taken together exceed ten years.

Cox's plea agreement, filed with the court on February 21, 1991, provided that he agreed to plead guilty to one count of "conspiracy to distribute in excess of 500 grams of cocaine." The government, for its part, agreed, upon acceptance by the court of the plea and sentencing thereon, not to charge or prosecute Cox with any other offenses arising from or related to the charges in the indictment in CRE90-167-S and to dismiss all counts of the indictment in CRE90-167-S. The government also agreed, pursuant to Rule 11(e)(1)(C) of the Federal Rules of Criminal Procedure, that the total maximum sentence imposed would not exceed ten years.

However, this ten-year cap clearly applied only to the term of imprisonment for the original offense. The plea agreement, signed by Cox, approved by his attorney Wilbur Colom, and accepted by the Court, states, "This plea agreement is expressly conditional upon the Court's acceptance of the agreement that the sentence of imprisonment shall not exceed ten (10) years. *There is no agreement as to fines or supervised release.*" Plea Agreement, February 20, 1991, p. 3.

(emphasis added).  Cox signed both this agreement and a statement that he had read, fully understood, and approved the agreement.  The language is unequivocal: "There is no agreement as to fines or supervised release."  The agreement does limit the term of imprisonment for the original offense to no more than ten years.  The 84-month sentence that Cox received fulfilled the contract contained in the plea agreement.

The Government has misread Cox's motion to enforce specific performance of plea agreement as a challenge to the validity of his 60-month sentence at the revocation hearing.  The Government has read this motion as stating that Cox's seven-year original sentence, coupled with the five-year sentence for the supervised release violation, unlawfully exceed the original agreement that Cox would receive no more than 10 years' imprisonment.  Cox has, indeed,  made that claim, but he has done so in his § 2255 motion, addressed above.

This claim is of an entirely different character and challenges the validity of Cox's original sentence in 1992.  However, the plea agreement makes plain that the ten-year cap applies only to imprisonment for the original charge.  Thus, Cox's claim that his contract (plea agreement) was not properly enforced lacks merit.  He received 84 months of imprisonment for his original offense, less than the ten-year limit.  Therefore, Cox's motion to enforce specific performance of plea agreement is denied.

In sum, all of Cox's claims as to ineffective assistance of counsel are without merit, as are his claims that his plea was not knowing and voluntary.  His motion and amended motion to enforce specific performance of the plea agreement [26, 27, 28, 30] are likewise without merit and must be denied.  Though the court does not recognize the validity of Cox's § 2255 motion [25] in regards to ineffective assistance of counsel, the court does acknowledge that Cox did not receive

his opportunity to allocute at his revocation sentence.  The cumulative effect of several errors may require correction under 28 U.S.C. § 2255, even though none of the errors, considered alone, would warrant such a result.  *United States v. Canales*, 744 F.2d 413 (5th Cir. 1984).  Cox's missed opportunity to allocute, when coupled with the question of whether he fully understood his rights to appeal the revocation sentence, convince the court that Cox is entitled to relief under § 2255.  Therefore, by separate order, the court will appoint Cox counsel and establish a date for resentencing.

       **SO ORDERED**, this the 16th day of June, 2008.

                         **/s/ MICHAEL P. MILLS**          
                         **CHIEF JUDGE**
                         **UNITED STATES DISTRICT COURT**
                         **NORTHERN DISTRICT OF MISSISSIPPI**